UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. DUARTE,<br><br>        Petitioner,<br><br>   v.<br><br>JOHN LIZZARAGA,<br><br>        Respondent. | No.  2:15-cv-1902 TLN CKD P<br><br><br>ORDER |

     Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

     Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

     Petitioner challenges his 2012 conviction for first degree murder following a jury trial in the Sacramento County Superior Court.  He raises three claims: (1) the trial court erred by admitting evidence of prior acts of domestic violence under Cal. Evid. Code § 1109, (2) the trial court erred by admitting prior acts of domestic violence under Cal. Evid. Code § 352, and (3) the trial court abused its discretion by denying petitioner's untimely motion (made on the day of sentencing) to discharge his attorney and represent himself.

     Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, while petitioner asserts in a conclusory way that his "federal constitutional rights to due process" have been violated, his claims essentially allege violations of California evidence law and procedure. Errors of state law are not cognizable on federal habeas review. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991) (standard of review for federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Thus the court will summarily dismiss the petition. However, petitioner will be granted one opportunity to amend in an attempt to state a claim for relief under 28 U.S.C. § 2254.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 2);

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: October 6, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / duar1902.114

---

[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

2