UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. DUARTE,<br><br>                   Petitioner,<br><br>         v.<br><br>JOE LIZZARAGA,<br><br>                   Respondent. | No.  2:15-cv-1902 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his 2012 conviction for first degree murder and related charges, for which he was sentenced to a term of life without the possibility of parole. Before the court is petitioner's motion to stay this action while he exhausts state remedies.  (ECF No. 21.)  Respondent opposes the motion, and petitioner has filed a reply.  (ECF Nos. 22 & 26.)

For the reasons set forth below, the undersigned will recommend that petitioner's motion be denied.

I. Background

After his first federal petition was dismissed with leave to amend, petitioner filed an amended petition, which respondent answered.  (ECF Nos. 6, 10 & 19.)

1

The amended petition raises three claims,

> two of which assert that domestic violence evidence was improperly admitted under state law. Petitioner further asserts that the admission of this evidence violated his federal constitutional right to due process. In his third claim, petitioner asserts that the trial court's refusal to allow him to represent himself in moving for a new trial was federal constitutional error.

(ECF No. 11) (internal citations omitted.)

In his answer, respondent argues that Claim 1, challenging the admission of domestic violence evidence, is unexhausted to the extent that petitioner claims he was denied his federal due process rights, as petitioner did not assert a federal claim before state supreme court. (ECF No. 19 at 19-20.) Respondent further argues that Claim 3, regarding self-representation, is unexhausted to the extent petitioner argues that he was denied his state right to due process. (Id. at 29.)

Around the time the answer was filed[1], petitioner filed a motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005). The motion did not specify which claims petitioner sought to exhaust in the state courts. (ECF No. 21.) In his reply, petitioner explains that "the unexhausted claims center directly around petitioner's actual innocence." (ECF No. 26 at 17.) He states he was unable to exhaust these claims earlier due to medical disability from the effects of HIV. (Id. at 4-5, 17.)

II. Discussion

To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. 544 U.S. at 278.

Rhines does not go into detail as to what constitutes good cause for failure to exhaust. The Supreme Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to

---

[1] Petitioner's motion to stay was docketed on April 7, 2016 but signed on March 28, 2016, before the answer was filed.

exhaust, Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), and the Ninth Circuit has held that a showing of good cause does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Recently, the Ninth Circuit noted that "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). However, "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

Here, assuming arguendo that petitioner's medical issues constitute good cause, petitioner has not shown that his unexhausted claim of actual innocence is potentially meritorious.[2] Having reviewed the record in this action, the undersigned does not believe a Rhines stay to litigate petitioner's new claim in the state courts is warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 21) be denied; and

2. Petitioner be granted thirty days from the district court's resolution of this motion to file a reply to respondent's answer to the first amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

////

////

////

---

[2] Petitioner states that he "intends" to file an actual innocence claim in state court, but he has not yet pursued any such claim. (ECF No. 26 at 18; see ECF No. 22 at 7.) Records show that in 2014 he filed a petition for writ of habeas corpus in the Sacramento Superior Court challenging his conviction, but did not provide "a statement of facts or any briefing." (ECF No. 26 at 24-25.)

1  Petitioner is advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: October 27, 2016

                              /s/ Carolyn K. Delaney
                              CAROLYN K. DELANEY
                              UNITED STATES MAGISTRATE JUDGE

9  2 / duar1902.stay